IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ERIC WISE, #02273297, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:21-cv-339-JDK-KNM |
| | § | |
| BRYAN COLLIER, et al., | § | |
| | § | |
| Defendants. | § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Eric Wise, an inmate of the Beto Unit of the Texas Department of Criminal Justice (TDCJ) proceeding pro se, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge, K. Nicole Mitchell, for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On February 23, 2022, the Magistrate Judge issued a Report recommending that Plaintiff's motions to proceed without prepayment be denied and this case be dismissed with prejudice for failure to prosecute and to comply with the Court's orders to pay the filing fee. Docket No. 24. A copy of this Report was sent to Plaintiff, who has filed written objections. Docket No. 25.

This Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

1

A party objecting to a Magistrate Judge's Report must specifically identify those findings to which he objects. Frivolous, conclusory, or general objections need not be considered by the District Judge. *See Nettles v. Wainright*, 677 F.2d 404, 410 & n.8 (5th Cir. 1982) (en banc). Furthermore, objections that simply rehash or mirror the underlying claims addressed in the Report are not sufficient to entitle the party to *de novo* review. *See U.S. v. Morales*, 947 F.Supp.2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, 'the district court should be spared the chore of traversing ground already plowed by the Magistrate.'") (internal citations omitted); *see also Vega v. Artuz*, 2002 WL 31174466 *1 (S.D. NY Sep. 2002) (unpublished) ("However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate judge's recommendations.").

Plaintiff filed this lawsuit without payment in August 2021. With his complaint, he filed an application to proceed *in forma pauperis*, in which he swore under oath that he was unable to pay "because of [his] poverty," but acknowledged having more than $2,000 in his trust account. Docket No. 2. He did not attach a certified copy of his trust account, as required to proceed *in forma pauperis* under the Prison Litigation Reform Act (PLRA). 28 U.S.C. § 1915(a)(2). At the same time, he filed a second document titled "Motion for Leave to Proceed IFP and U.S. Marshal Service," in which he asserted that prison authorities were refusing to provide him with a trust account statement and that staff "tends to ignore or delay for months [his] requests to send out money." Docket No. 3. Plaintiff said staff had ignored his attempts to send money from his trust account "for outside purchases," but he did not claim to have attempted to send money to the Court to pay his filing fee, despite having more than sufficient funds to do so. Docket No. 2-1 at 3.

The Court observed that the information provided by Plaintiff was insufficient to determine that he was qualified to proceed *in forma pauperis* or to calculate the required initial partial filing fee required by the PLRA if he were so qualified. Docket No. 5. Accordingly, the Court ordered TDCJ personnel to investigate and report to the Court about whether Plaintiff had in fact requested a certified trust account statement or requested payment from his trust account of the filing fee for this case. *Id.* The Office of the Attorney General for the State of Texas (OAG) responded on December 14, 2021, with the sworn, but undated, statement of Terrie Hopkins, the TDCJ Director of Commissary and Trust Fund, conveying that, since August 27, 2019, Plaintiff had neither requested a certified trust account statement nor requested payment of the filing fee. Docket No. 18-1. Accordingly, on January 10, 2022, the Court gave Plaintiff thirty days from receipt of the order to pay his filing fee and expressly cautioned that failure to do so could result in dismissal of this case. Docket No. 20 at 2.

Plaintiff has not complied with that order or demonstrated any attempt to do so. Instead, he has spent the seven months since filing this case quarreling over the delay in the OAG's report and the validity of the Hopkins statement, insisting that poverty is not a requirement to proceed *in forma pauperis*, and attempting to shift to the Court the burden of paying his filing fee. Docket Nos. 13, 16, 19, 21. Plaintiff's objection to the pending Report merely repeats some of those same positions. Docket No. 25. Specifically, Plaintiff asserts that: (1) indigence is not a requirement to proceed *in forma pauperis*; (2) the Court cannot rely on the Hopkins statement because it is undated; and (3) the Court should simply order TDCJ to deduct the filing fee from his trust account rather than requiring Plaintiff to take the steps necessary to pay it. Docket No. 25 at 1–2.

Plaintiff's objections lack merit. First, the very statute authorizing commencement of a federal lawsuit without prepayment of fees permits proceedings "in forma pauperis," meaning "as

a poor person." 28 U.S.C. § 1915. A "pauper" is defined as "a person destitute of means except such as are derived from charity" or "a very poor person." *Pauper*, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/pauper (last visited March 21, 2022). Moreover, a court's determination of pauper status is to be based on "a statement of all assets such prisoner possesses." 28 U.S.C § 1915(a)(1). The court, therefore, rejects Plaintiff's contention that he is entitled to proceed *in forma pauperis* despite having more than sufficient funds to pay his filing fee.

Second, Plaintiff argues that the Hopkins statement is not worthy of belief because it lacks a date, but he does not actually dispute Hopkins's assertion that he never attempted to pay his filing fee. Any inference that Plaintiff has diligently tried and been unable to get a fee payment processed in the seven months this case has been pending would defy belief. Without any demonstration by Plaintiff that he attempted in timely fashion to pay his filing fee, his case is subject to dismissal regardless of the contents of Hopkins's statement.

And finally, the Court is not in the business of ordering any litigant's bank or other financial institution to pay court fees. As the Magistrate Judge correctly explained, "payment of the filing fee is Plaintiff's responsibility, not the Court's," and "[a]bsent a grant of *in forma pauperis* status . . . the Prison Litigation Reform Act provides no authority for the Court itself to direct any payment from the agency having custody of a prisoner or his account." Docket No. 20 at 1 (citing 28 U.S.C. § 1915(b) (providing schedule of payments for prisoners proceeding *in forma pauperis*)).

The Court has conducted a careful de novo review of the record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made."). Upon such de novo review, the Court has determined that the Report of the United States Magistrate Judge is correct and Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that the Report and Recommendation of the United States Magistrate Judge (Docket No. 24) is **ADOPTED** as the opinion of the Court. Plaintiff's objections (Docket No. 25) are **OVERRULED**. Further, it is

**ORDERED** that Plaintiff's motions to proceed *in forma pauperis* (Docket Nos. 2, 3) are **DENIED**, and this case is **DISMISSED** without prejudice for failure to prosecute. Any pending motions are **DENIED** as **MOOT**. Because Plaintiff's amended complaint includes events dating to late 2019 (*see* Docket No. 12 at 6) the statute of limitations in this case is hereby **SUSPENDED** for a period of sixty days from the entry of judgment in this case. *See Campbell v. Wilkinson*, 988 F.3d 798, 801 n.1 (5th Cir. 2021) (explaining that "[w]here further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used.'").

So **ORDERED** and **SIGNED** this **21st**   day of  **March, 2022.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE